UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEREMY R. POWELL,

                Plaintiff,

v.

BARTOLO ORTIZ, et al.,

                Defendants.

Case No. 3:21-cv-00418-MMD-CSD

ORDER

## I. DISCUSSION

On March 8, 2022, the Court issued a screening order dismissing Plaintiff's municipal liability claims with leave to amend and permitting the remaining claims to proceed. (ECF No. 5 at 17-18). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of his municipal liability claims. (*Id.* at 16). The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on the Fourth Amendment excessive force claim, the Fourth Amendment inadequate medical care claim, the Fourth Amendment failure to intervene claim, the Fourteenth Amendment equal protection claim, and the Fourteenth Amendment inadequate medical care claim. (*Id.* at 16-17).

Plaintiff has not filed an amended complaint. Instead, on April 5, 2022, Plaintiff filed a motion for appointment of counsel, stating that he "elect[ed] to not file an amended complaint" and seeking an order appointing him counsel in this action. (ECF No. 7 at 1-2).[1] Because Plaintiff has indicated that he does not intend to file an amended complaint, this action will proceed against (i) Defendant Ortiz on the Fourth Amendment excessive force claim, the Fourteenth Amendment equal protection claim, and the Fourth Amendment inadequate medical care claim; (ii) Defendant Pepper on the Fourth Amendment failure to intervene claim and the Fourth Amendment inadequate medical care claim; (iii) Defendant Sgt. Hood on the Fourth Amendment failure to intervene claim;

---

[1] Plaintiff filed a duplicate of this motion at ECF No. 8.

and (iv) Defendants Rosina, Joanna, and Adkins on the Fourteenth Amendment inadequate medical care claim.

As for Plaintiff's motion for appointment of counsel, the Court denies that motion without prejudice. A litigant does not have a constitutional right to appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. Here, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court thus denies the motion for appointment of counsel without prejudice.

In his motion, Plaintiff notes that the Court "did not order [him] to participate in a mandatory inmate early mediation conference." (ECF No. 7 at 2). The Court has an inmate early mediation program that is designed to save resources by referring the parties in some civil rights cases to mediation. The program is typically reserved for civil rights cases against employees of the Nevada Department of Corrections ("NDOC"). Because none of the Defendants in this action is an NDOC employee, the Court did not refer this case to the inmate early mediation program. Plaintiff offers no reason to depart from this practice. Accordingly, this action will proceed on the normal litigation track following service of process on the Defendants.

**II.   CONCLUSION**

For the foregoing reasons, it is ordered that, pursuant to the Court's screening order (ECF No. 5), this action will proceed against (i) Defendant Ortiz on the Fourth Amendment excessive force claim, the Fourteenth Amendment equal protection claim, and the Fourth Amendment inadequate medical care claim; (ii) Defendant Pepper on the

Fourth Amendment failure to intervene claim and the Fourth Amendment inadequate medical care claim; (iii) Defendant Sgt. Hood on the Fourth Amendment failure to intervene claim; and (iv) Defendants Rosina, Joanna, and Adkins on the Fourteenth Amendment inadequate medical care claim.

It is further ordered that the Clerk of the Court **will issue** summonses for Defendants Ortiz, Pepper, Sgt. Hood, Rosina, Joanna, and Adkins, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF Nos. 6, 6-1) and this order to the U.S. Marshal for service on Defendant(s).

It is further ordered that the Clerk **will send** to Plaintiff **six (6)** USM-285 forms. Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form.

It is further ordered that within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney

named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

       It is further ordered that Plaintiff's motion for appointment of counsel (ECF Nos. 7, 8) is denied without prejudice.

       It is further ordered that the Clerk of the Court add Defendants Rosina and Joanna to the docket sheet as defendants in this action.

       DATED THIS  7th day of April 2022.

_____
United States Magistrate Judge