UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY R. POWELL,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF ELKO, et al.,<br><br>    Defendants | Case No.: 3:21-cv-00418-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 27, 28 |

Plaintiff has filed a motion for entry of Clerk's judgment under Federal Rule of Civil Procedure 55(a) as to defendant Rosina (ECF No. 27), and a motion to have the U.S. Marshal serve defendant Joanna (ECF No. 28).

## I. BACKGROUND

Plaintiff filed this action regarding events that took place during his arrest and subsequent confinement at the Elko County Jail. The court screened Plaintiff's complaint and allowed him to proceed with the following: (1) excessive force, equal protection and inadequate medical care claims against Ortiz; (2) failure to intervene and inadequate medical care claims against Pepper; (3) a failure to intervene claim against Sgt. Hood; (4) inadequate medical care claims against Rosina, Joanna, and Adkins. (ECF Nos. 5, 9.) The court issued summonses for defendants Ortiz, Pepper, Sgt. Hood, Rosina, Joanna and Adkins. (ECF Nos. 9-1 to 9-6.)

The U.S. Marshal returned the summonses as executed for each defendant, indicating that service was effectuated on May 18, 2022. (ECF Nos. 14-19.) An answer has been filed by defendants Adkins and Hood (ECF No. 20) and Ortiz and Pepper (ECF No. 22).

## II. DISCUSSION

**A. Motion for Entry of Clerk's Default against Rosina**

On June 28, 2022, Plaintiff filed a motion seeking entry of Clerks' default under Rule 55(a) against defendant Rosina Garcia. (ECF No. 27.) Plaintiff states that Rosina was served by the U.S. Marshal on May 18, 2022, and on May 24, 2022, Lt. D. Fisher effectuated personal service on Rosina Garcia. Plaintiff argues that Rosina had until June 14, 2022, to file an answer or otherwise appear in this action, but failed to do so.

Plaintiff attaches an exhibit that indicates that Rosina Garcia was personally served on May 24, 2022. Therefore, it appears that Rosina Garcia was properly served under Federal Rule of Civil Procedure 4(e)(2)(A).

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must file an answer within 21 days of being served. As such, Rosina Garcia had until June 14, 2022, to file an answer. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As Rosina Garcia has not timely filed an answer or otherwise appeared in this action, the entry of Clerk's default against Rosina Garcia under Rule 55(a) is appropriate and Plaintiff's motion (ECF No. 27) is granted.

**B. Motion to Serve Joanna Contreras**

Plaintiff states that the U.S. Marshal served Joanna Contreras on May 18, 2022, but then the Elko County Sheriff unsuccessfully attempted to serve Contreras. (ECF No. 28.) Plaintiff attaches a document from the Elko County Sheriff's Office stating that Joanna Contreras was not served. (ECF No. 28 at 12.) Plaintiff seeks an order that the court direct the U.S. Marshal to use

due diligence to locate and attempt personal service on Joanna Contreras. Plaintiff also asks the court to extend the time to serve Joanna Contreras.

Preliminarily, Plaintiff concedes that Joanna Contreras has not been properly served. While the U.S. Marshal filed an executed return for service on Joanna, it indicates that Leann Smith, who is designated to accept service on behalf of the Elko County Sheriff's Office, was served on May 18, 2022. (ECF No. 15.) Under Federal Rule of Civil Procedure 4(e), an individual may be served by following Nevada law, or by delivering a copy of the summons and complaint to the individual personally, by leaving a copy at the individuals' dwelling or usual place of abode with a person of suitable age and discretion that lives there, or delivering a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

The U.S. Marshal did not serve Joanna Contreras with one of the methods authorized under federal law. In Nevada, a current or former employee of a county sued in his or her official or individual capacity for actins or omissions relating to his or her public duties or employment must be served by delivering a copy of the summons and complaint to that employee or with an agent designated by the employee to receive service. Nev. R. Civ. P. 4.2(d)(4). It does not appear that the U.S. Marshal served Joanna Contreras by a method authorized under Nevada law.

To the extent Plaintiff requests an order directing the U.S. Marshal to investigate Joanna Contreras's whereabouts, Plaintiff's motion is denied. While the court recognizes it may be difficult for a pro se, indigent and incarcerated litigant, it is incumbent upon Plaintiff to provide the necessary information for the U.S. Marshal to complete service. *See Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990) (an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint by providing the

"*necessary information to help effectuate service*"); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (indicating that prisoner must furnish the information necessary to identify and serve the defendant to the U.S. Marshal); *Downing v. Gentry*, No. 2:16-cv-02632-RFB-PAL, 2018 WL 5266843 (D. Nev. Oct. 23, 2018) (plaintiff has the responsibility to provide the U.S. Marshal with the information necessary to identify and locate each defendant to be served); *Williams v. Clark*, No. 2:14-cv-00414-APG-PAL, 2016 WL 1445586 (D. Nev. Mar. 3, 2016) ("If the USM is unable to effectuate service, for example, because plaintiff failed to provide sufficient information or because a defendant is not where plaintiff claims, and plaintiff is informed of the deficiency, he must seek to remedy the situation or face dismissal of that defendant pursuant to Rule 4(m).").

The court will, however, grant Plaintiff's an extension of 60 days to serve Joanna Contreras.

### III. CONCLUSION

(1) Plaintiff's motion for entry of Clerk's default against Rosina Garcia under Federal Rule of Civil Procedure 55(a) (ECF No. 27) is **GRANTED**.

(2) Plaintiff's motion regarding service on Joanna Contreras (ECF No. 28) is **GRANTED IN PART AND DENIED IN PART** as follows:

Plaintiff's motion is **DENIED** with respect to Plaintiff's request that the court direct the U.S. Marshal to conduct an investigation as to Joanna Contreras's whereabouts; however, the motion is **GRANTED** insofar as Plaintiff shall have up to and including **August 29, 2022**, to complete service on Joanna Contreras. The Clerk shall **ISSUE** another summons for Joanna Contreras and send the same to the U.S. Marshal along with a copy of the complaint. The Clerk shall **SEND** Plaintiff a USM-285 form. Plaintiff shall fill out the USM-285 form for Joanna

Contreras and return the form to the U.S. Marshals at 400 South Virginia Street, Room 201, Reno, Nevada 89501, on or before **July 20, 2022.** The U.S. Marshal will then attempt service on Joanna Contreras again.

There will be no further extensions of the deadline to complete service on Joanna Contreras absent a showing of good cause or excusable neglect under Rule 4. If Plaintiff fails to timely serve Joanna Contreras, she may be dismissed under Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: June 29, 2022

_____
Craig S. Denney
United States Magistrate Judge