# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEREMY R. POWELL,

    Plaintiff

v.

CITY OF ELKO, et al.,

    Defendants

Case No.: 3:21-cv-00418-ART-CSD

**Order**

Re: ECF No. 31

Before the court is Rosina Garcia's motion to set aside the Clerk's entry of default. (ECF No. 31.) Plaintiff filed a notice indicating he does not oppose Garcia's request. (ECF No. )

For the reasons set forth below, Garcia's motion is granted and the Clerk's entry of default against Garcia is set aside.

# I. BACKGROUND

Plaintiff filed this action regarding events that took place during his arrest and subsequent confinement in the Elko County Jail. The court screened Plaintiff's complaint and allowed him to proceed with the following: (1) excessive force, equal protection and inadequate medical care claims against Ortiz; (2) failure to intervene and inadequate medical care claims against Pepper; (3) a failure to intervene claim against Sgt. Hood; and (4) inadequate medical care claims against defendants Rosina, Joanna, and Adkins. (ECF Nos. 9-1 to 9-6.)

The U.S. Marshal returned the summonses as executed for each defendant. (ECF Nos. 14-19.) An answer was filed by defendants Adkins and Hood (ECF No. 20) and by Ortiz and Pepper (ECF No. 22).

Plaintiff subsequently sought the entry of default by the Clerk against Rosina Garcia, who had not timely appeared or answered the complaint. (ECF No. 27.) Plaintiff provided documentation that Rosina Garcia was personally served on May 24, 2022. As such, the court directed the Clerk to enter default against Rosina Garcia on June 29, 2022. (ECF No. 29.)

The following day, Rosina Garcia filed this motion to set aside the entry of default. (ECF No. 31.)

## II. DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defendant, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

"The court may set aside an entry of default for good cause…." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [the party] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted, alteration original) (*Mesle*). "A finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. (citation omitted). That said, the "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Id*. at 1089 (citations omitted).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. (citations omitted).

First, insofar as culpable conduct is concerned, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (citations omitted, emphasis original).  "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfering with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id*. (citation omitted). Courts have "'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Id*. (citation omitted). "[S]imple carelessness" is typically not sufficient. *Id*. (citations omitted).

Here, Garcia asserts that she was unrepresented until June 21, 2022. This was largely because she had to track down her former employer, report the lawsuit, and await the assignment of counsel. She acted promptly to bring the suit's attention to her former employer and to seek assistance in retaining counsel and responding to the lawsuit. Appropriate local counsel was only retained on June 29, 2022—within one week of assignment, and the same day as the entry of default. The motion to set aside was filed promptly after entry of default.

*Mesle* instructs that a knowing failure to timely respond to a complaint is insufficient. There must be bad faith: an intention to take advantage of the opposing party, or to interfere with or manipulate the judicial process. Those circumstances are not present here. The court finds that Garcia did not engage in culpable conduct that led to the entry of default.

Second, "'[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094 (citation omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Id*. "'[T]he question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." *Id*. (citation omitted). That is the subject of later litigation. *Id*.

Here, Garcia asserts that she will present facts demonstrating she complied with the standard of care and rendered appropriate nursing. Garcia points out that this contention is necessarily vague at this point because Plaintiff's complaint does not specifically set forth what Garcia did that was not medically appropriate.

The court finds Garcia's statement sufficient under the circumstances to demonstrate she has a meritorious defense for purposes of setting aside the entry of default.

Finally, to be prejudicial, setting aside the default must "'result in greater harm than simply delaying resolution of the case.'" *Mesle*, 615 F.3d at 1095 (citation omitted). "'[T]he standard is whether [plaintiffs'] ability to pursue [their] claim will be hindered.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds*, (citing *Falk v. Allen*, 739 F.3d 461, 463 (9th Cir. 1984) (per curiam)). Merely being forced to litigate on the merits is not prejudicial. *Id*.

Here, Plaintiff does not oppose setting aside the entry of default and litigating this case against Garcia on the merits. Moreover, the other defendants filed their answer within the same month that default was entered against Garcia and when Garcia sought to set aside entry of the default. The fact that Plaintiff does not oppose Garcia's motion, coupled with the brief amount of

time that Garcia was in default, leads the court to conclude that setting aside the default would not be prejudicial to Plaintiff.

In sum, the factors weigh in favor of setting aside the Clerk's entry of default against Garcia.

### III. CONCLUSION

Garcia's motion to set aside the Clerk's entry of default (ECF No. 31) is **GRANTED**. The Clerk's entry of default against Garcia is hereby **SET ASIDE**. Garcia has up to and including **July 29, 2022**, to file an answer or otherwise respond to the complaint.

Plaintiff's response requests an extension of the scheduling order deadlines; however, such a request must be set forth in a separate motion and must comply with Local Rule IA 6-1. Therefore, the request for an extension is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: July 8, 2022

_____
Craig S. Denney
United States Magistrate Judge