UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY R. POWELL,<br><br>  Plaintiff<br><br>v.<br><br>CITY OF ELKO, et al.,<br><br>  Defendants | Case No.: 3:21-cv-00418-ART-CSD<br><br>**Report & Recommendation of<br>U.S. Magistrate Judge**<br><br>Re: ECF No. 47 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for leave of court to amend and proposed first amended complaint (FAC). (ECF Nos. 47, 47-1.) Defendants Ortiz and Pepper filed a response (ECF No. 50), as did defendants Adkins and Hood (ECF No. 53). Plaintiff filed a reply. (ECF No. 55.)

After a thorough review, Plaintiff's motion should be granted in part and denied in part.

### I. BACKGROUND

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action under 42 U.S.C. § 1983; however, the alleged conduct giving rise to this action took place while Plaintiff was an arrestee in Elko, Nevada, and then a detainee in the Elko County Jail.

On March 8, 2022, the court issued an order screening Plaintiff's complaint and allowed him to proceed with the following: (1) a Fourth Amendment excessive force claim against Ortiz

based on an alleged unprovoked attack during Plaintiff's arrest where Plaintiff was not resisting and Ortiz struck Plaintiff twice with his baton, drove his knee into Plaintiff's back, and smashed Plaintiff's face into the pavement; (2) a Fourth Amendment claim that Pepper and Hood failed to intervene in Ortiz's act of excessive force; (3) a Fourth Amendment excessive force claim against Ortiz based on allegations that after Plaintiff was cleared by the hospital, Ortiz bent Plaintiff's thumb to the point where it popped and Plaintiff believed it was broken; (4) an equal protection claim against Ortiz based on allegations that immediately after the arrest, Ortiz used racially-charged language against Plaintiff creating a reasonable inference that he targeted Plaintiff for mistreatment based on his race and ethnicity; (5) a Fourth Amendment inadequate medical care claim against Pepper and Ortiz based on allegations they refused to take him back to the hospital after Ortiz injured Plaintiff's thumb and after Pepper was notified of the assault; and (6) a Fourteenth Amendment inadequate medical care claim against Rosina, Joanna and Adkins based on allegations that he notified them of the injury to his thumb while he was detained at the jail, but they failed to provide him with any treatment for 12 days.

The court found Plaintiff failed to state a claim against the City of Elko, the John Doe Police Chief, Elko County or Lieutenant County Sheriff Mike Silva, but gave Plaintiff 30 days leave to amend to correct the deficiencies with respect to these municipal defendants. (ECF No. 5.)

Plaintiff did not timely file an amended complaint. Instead, he filed a motion for appointment of counsel stating he elected not to file an amended complaint. (ECF No. 7.) As such, the court issued an order stating that this action would proceed against Ortiz, Pepper, Hood, Rosina, Joanna, and Adkins, as set forth in the screening order. (ECF No. 9.)

On July 29, 2022, Plaintiff filed this motion for leave to amend and proposed FAC. Plaintiff seeks to amend to: (1) properly name the defendants (Billy Hood for Sgt. Hood, Bobby Adkins for Sgt. Adkins, Rosina Garcia for Rosina, and Joanna Contreras for Joanna); (2) ensure he has requested a jury trial; (3) give proper order and clarity to his surviving claims; (4) attempt to cure the deficiencies with respect to the municipal defendants; and (5) clarify his requested relief to include punitive damages and damages for mental and emotional injuries as well as future damages.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

## III. DISCUSSION

There is no opposition to Plaintiff's motion with respect to Claims 1-10 in the proposed FAC against Bartolo Ortiz, Brenton Pepper, Billy Hood, Rosina Garcia, Bobby Adkins, and Joanna Contreras; his request for a jury trial; and requested relief. Insofar as Plaintiff has properly identified each of these defendants and has clarified the contours of each of these claims, his

request for a jury trial and his requested relief, Plaintiff's motion for leave to amend should be granted.

Defendants oppose Plaintiff's request for leave to amend with respect to Claims 11 to 15 against the City and County of Elko.

Preliminarily, while the scheduling order gave a deadline of August 8, 2022 to amend a pleading, the court previously gave Plaintiff 30 days from the issuance of the original scheduling order, until April 7, 2022, to file an amended complaint correcting the deficiencies with respect to the municipal defendants. (ECF No. 5.) Plaintiff did not do so, and instead, he filed a document indicating he elected *not* to file an amended complaint. (ECF No. 7 at 2.) As such, the court ordered that this action would proceed only with respect to the claims against Ortiz, Pepper, Hood, Rosina, Adkins, and Joanna, and not against the municipal defendants. (ECF No. 9.) Therefore, Plaintiff's proposed amended complaint filed on July 29, 2022, is untimely under the court's prior order.

Even if Plaintiff's motion was considered timely under the scheduling order, Plaintiff still does not state a claim for relief against the City or County of Elko.

To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).

"A governmental policy is 'a deliberate choice to follow a course of action … by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id*. (citation and quotation marks omitted). "A plaintiff can satisfy *Monell's* policy requirement in one of three ways." *Id*. (citation omitted). "First, a local government may be held

liable when it acts 'pursuant to an expressly adopted official policy.'" *Id*. (citations omitted). "Second, a public entity may be held liable for a longstanding practice or custom." *Id*. (quotation marks and citation omitted). "Such circumstances may arise when, for instance, the public entity fail[s] to implement procedural safeguards to prevent constitutional violations or, sometimes, when it fails to train its employees adequately." *Id*. (citations and quotation marks omitted, alteration original). *Id.* "Third, a local government may be held liable under [Section] 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id*. at 974 (citations and quotation marks omitted).

In Claims 11-15, Plaintiff seeks to hold the City and County of Elko a liable by repeating some of the allegations pertaining to the individual defendants and adding boilerplate language for municipal liability. This is insufficient.

First, in Claims 11, 12, and 15, Plaintiff merely alleges that Adkins was the sergeant on duty, Nurse Rosina Garcia was the head medical professional at the jail, and that Ortiz was training Pepper. He does not allege facts establishing that any of these Defendants have actual authority to set county or city policy as a matter of state law. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 475 n. 12 (1986). Instead, he merely alleges the same facts as were alleged as to each of these defendants individually.

Second, under *Iqbal* and *Twombly,* "[a] pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.'… Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007)); *see also Sandoval v. Las Vegas Metro. Police Dep't,* 756 F.3d 1154, 1168 (9th Cir. 2014) (finding

bare bones allegations of municipal liability to be insufficient). Moreover, a municipality may not be sued under a *respondeat superior* theory.[1] *Horton v. City of Santa Maria,* 915 F.3d 592, 603 (9th Cir. 2019) (citation omitted).

In Claims 13 and 14, Plaintiff includes only conclusory statements and his conjecture that Plaintiff's constitutional violations were the result of official policies or customs, which is insufficient under *Iqbal* and *Twombly*.

In sum, Plaintiff should not be allowed to proceed with Claims 11-15 against the City and County of Elko in the FAC.

## IV. RECOMMENDATION

Plaintiff's motion for leave to amend (ECF No. 47) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Clerk shall **FILE** the FAC (ECF No. 47-1), which is the operative pleading; and

(2) Plaintiff should be allowed to **PROCEED** with Claims 1-10 in the FAC against defendants Ortiz, Pepper, Hood, Rosina Garcia, Bobby Adkins, and Joanna Contreras; however, Claims 11-15 for municipal liability against the City and County of Elko should be **DISMISSED**, and because Plaintiff has already had an opportunity to correct these deficiencies, the dismissal should be with prejudice.

Dated: September 27, 2022

_____
Craig S. Denney
United States Magistrate Judge

---

[1] This is a legal theory that the employer is responsible for the misconduct of the employee that occurs during the course and scope of employment.