UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY R. POWELL,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF ELKO, et al.,<br><br>    Defendants | Case No.: 3:21-cv-00418-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 60, 61 |

Before the court are Plaintiff's motions for a physical and mental exam under Federal Rule of Civil Procedure 35. (ECF Nos. 60, 61.) Defendants did not oppose the motion.

For the reasons set forth below, the motions are denied.

**I. BACKGROUND**

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action under 42 U.S.C. § 1983. However, the alleged conduct giving rise to this action took place while Plaintiff was an arrestee in Elko, Nevada, and then a detainee in the Elko County Jail.

On March 8, 2022, the court issued an order screening Plaintiff's complaint and allowed him to proceed with the following: (1) a Fourth Amendment excessive force claim against Ortiz based on an alleged unprovoked attack during Plaintiff's arrest where Plaintiff was not resisting and Ortiz struck Plaintiff twice with his baton, drove his knee into Plaintiff's back, and smashed Plaintiff's face into the pavement; (2) a Fourth Amendment claim that Pepper and Hood failed to intervene in Ortiz's act of excessive force; (3) a Fourth Amendment excessive force claim against Ortiz based on allegations that after Plaintiff was cleared by the hospital, Ortiz bent

Plaintiff's thumb to the point where it popped and Plaintiff believed it was broken; (4) an equal protection claim against Ortiz based on allegations that immediately after the arrest, Ortiz used racially-charged language against Plaintiff creating a reasonable inference that he targeted Plaintiff for mistreatment based on his race and ethnicity; (5) a Fourth Amendment inadequate medical care claim against Pepper and Ortiz based on allegations they refused to take him back to the hospital after Ortiz injured Plaintiff's thumb and after Pepper was notified of the assault; and (6) a Fourteenth Amendment inadequate medical care claim against Rosina, Joanna and Adkins based on allegations that he notified them of the injury to his thumb while he was detained at the jail, but they failed to provide him with any treatment for 12 days.

Plaintiff recently moved for leave to amend, and the undersigned has recommended that the motion be granted in part and denied in part. The court recommended granting the motion insofar as Plaintiff sought to properly identify the defendants, request a jury trial, and give proper order and clarity to his claims. However, the court recommended denying the motion insofar as he sought to assert claims against the municipal defendants. (ECF Nos. 68, 69.)

Plaintiff moves for an order for a medical and psychological exam under Rule 35.

## II. DISCUSSION

Plaintiff asserts that his action alleges substantial bodily harm that required treatment from an orthopedic specialist, including reconstructive surgery that left him with permanent disfigurement. In addition, he suffered emotional injuries as a result of his disfigurement. He argues that his testimony regarding his injuries is insufficient and requires a medical expert to examine him and give a determination regarding the significance of his injuries. He claims that Rule 35 authorizes the court to order him produced for a medical and mental health exam.

Rule 35 of the Federal Rules of Civil Procedure authorizes a district court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a licensed professional. Fed. R. Civ. P. 35(a)(1). An order for the examination "may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A)-(B).

Rule 35 allows an opposing party who complies with the rule to obtain an order requiring a party to submit to a medical examination. It does not allow a party who has placed his or her mental or physical condition at issue to obtain an expert examination or report. *See Berg v. Prison Health Services*, 376 F.Appx. 723 (9th Cir. 2010); *Patton v. Hollingsworth*, 2015 WL 1877426, at *1 (D. Nev. April 22, 2015) ("Rule 35 does not authorize [a *pro se* prisoner plaintiff] to seek his own free examination to obtain evidence to prosecute his case.").

Additionally, the moving party must pay the medical or professional expenses of the examination under Rule 35. *McCloskey v. United Parcel Service General Services Co.*, 171 F.R.D. 268 (D. Or. 1997). The granting of *in forma pauperis* status only adjusts the amount of the filing fee that a plaintiff must prepay. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (affirming magistrate judge's finding that the *in forma pauperis* statute does not waive payment of fees or expenses for witnesses).

As such, Rule 35 does not authorize a pro se prisoner plaintiff to seek his *own* examination to obtain evidence to prosecute his case. The purpose of the rule is to allow the opposing party to obtain an examination. This alone is a basis for denial of Plaintiff's motion.

Moreover, even if Rule 35 allowed Plaintiff to seek his own examination, he did not specify the time, place or manner, conditions, and scope of the examinations and the person or

persons by whom it is to be made as required by Rule 35. Nor does he identify who will pay the medical or professional expenses of the examinations.

It appears Plaintiff is attempting to use Rule 35 as a means to obtain an expert witness to testify on his behalf. While the court has the power to appoint an expert witness under Federal Rule of Evidence 706(a), the purpose of such a court-appointed expert is to assist the trier of fact, not to serve as an advocate for a party. *See Pedraza v. Jones,* 71 F.3d 194, 196 (5th Cir. 1995); *accord Boring v. Kazakiewcz,* 833 F.2d 468, 474 (3d Cir. 1987). Here, Plaintiff does not argue that the medical professionals will aid the trier of fact, but instead, he seeks to utilize their reports or testimony to bolster his own case. This is not within the purview of Federal Rule of Evidence 706.

For these reasons, Plaintiff's motions for physical and psychological examinations and/or the appointment of an expert witness are denied.

### III. CONCLUSION

Plaintiff's motions (ECF Nos.60, 61) are **DENIED**.

**IT IS SO ORDERED**.

Dated: September 28, 2022

_____
Craig S. Denney
United States Magistrate Judge

4