**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JEREMY POWELL,

      Plaintiff

v.

CITY OF ELKO, et al.,

      Defendants

Case No.: 3:21-cv-00418-ART-CSD

**Order**

Re: ECF Nos. 58, 62

    Plaintiff has filed two motions requesting the issuance of subpoenas. (ECF Nos. 58, 62.) Defendants did not file a response to either motion.

**I. BACKGROUND**

    Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action under 42 U.S.C. § 1983. However, the alleged conduct giving rise to this action took place while Plaintiff was an arrestee in Elko, Nevada, and then a detainee in the Elko County Jail.

    On March 8, 2022, the court issued an order screening Plaintiff's complaint and allowed him to proceed with the following: (1) a Fourth Amendment excessive force claim against Ortiz based on an alleged unprovoked attack during Plaintiff's arrest where Plaintiff was not resisting and Ortiz struck Plaintiff twice with his baton, drove his knee into Plaintiff's back, and smashed Plaintiff's face into the pavement; (2) a Fourth Amendment claim that Pepper and Hood failed to intervene in Ortiz's act of excessive force; (3) a Fourth Amendment excessive force claim against Ortiz based on allegations that after Plaintiff was cleared by the hospital, Ortiz bent Plaintiff's thumb to the point where it popped and Plaintiff believed it was broken; (4) an equal

protection claim against Ortiz based on allegations that immediately after the arrest, Ortiz used racially-charged language against Plaintiff creating a reasonable inference that he targeted Plaintiff for mistreatment based on his race and ethnicity; (5) a Fourth Amendment inadequate medical care claim against Pepper and Ortiz based on allegations they refused to take him back to the hospital after Ortiz injured Plaintiff's thumb and after Pepper was notified of the assault; and (6) a Fourteenth Amendment inadequate medical care claim against Rosina, Joanna, and Adkins based on allegations that he notified them of the injury to his thumb while he was detained at the jail, but they failed to provide him with any treatment for 12 days.

Plaintiff recently moved for leave to amend, and the undersigned has recommended that the motion be granted in part and denied in part. The court recommended granting the motion insofar as Plaintiff sought to properly identify the defendants, request a jury trial, and give proper order and clarity to his claims, but the court recommended denying the motion insofar as he sought to assert claims against the municipal defendants. (ECF Nos. 68, 69.)

Plaintiff has filed two motions seeking the issuance of subpoenas duces tecum for third parties.

## II. DISCUSSION

### A. First Motion for Subpoena (ECF No. 58)

In the first motion, Plaintiff states there are a number of city and county officers that are not defendants that have body camera footage of the relevant incidents, as well as medical providers who have Plaintiff's relevant records who are not defendants. Plaintiff seeks the issuance of subpoenas for: (1) body camera footage in the possession/control of the Elko Police Department for Officers Jason Checkett, Bridgett Gilboy, Matt Wilson, Kellum, and the camera posted in the backseat of Ortiz's and Pepper's patrol car; (2) his discharge summary/medical

0

records pertaining to his medical clearance from Northeastern Nevada Regional Hospital (NNRH); (3) security camera footage from outside the Emergency Room and parking lot area at NNRH; (4) body camera footage from Elko County Jail Deputies Hatch, Sr., and Gonzalez and security camera/surveillance footage of Plaintiff's booking process in the possession/control of Elko County Jail; (5) inmate and "G.T" requests from the inmate kiosk (presumably from the Elko County jail); (6) medical records from High Desert imaging; (7) medical records in possession of the Humboldt General Hospital Orthopedic Clinic; (8) medical records from Full Range Physical Therapy Center.

Federal Rule of Civil Procedure 45 provides that "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3).

Federal Rule of Civil Procedure 45 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

28 U.S.C. § 1915, which governs proceedings in forma pauperis, states: "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d).

The Ninth Circuit has implicitly held that "all process" applies to the service of a subpoena under Rule 45. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989); *Dixon v. Ylst*, 990 F.2d 479, 480 (9th Cir. 1983). That provision, however, does not waive the payment of any

3

applicable fees or expenses for witnesses. *Dixon*, 990 F.2d at 480 (citation omitted). District courts within the Ninth Circuit, to the extent written orders have been issued, generally concur that 28 U.S.C. § 1915(d) allows service of a subpoena by the U.S. Marshal for an inmate plaintiff proceeding IFP, but this is subject to certain limitations, including relevance of the information sought and the burden and expense to the non-party. *See Williams v. Paramo,* No. 12CV113-BTM (RBB), 2017 WL 5001286, at *4 (S.D. Cal. Nov. 2, 2017); *Smith v. Rodriguez*, No. 2:13-cv-2192 JAM AC P, 2016 WL 1267846, at *4 (E.D. Cal. 2016), report and recommendation adopted at 2016 WL 7451555 (E.D. Cal. Dec. 27, 2016); *King v. Calderwood*, No. 2:13-cv-02080-GMN-PAL, 2015 WL 7428552, at * 2 (D. Nev. Nov. 20, 2015); *Johnson v. Cheryl*, No. 2:11-cv-00291-JCM-CWH, 2013 WL 129383, at *5 (D. Nev. Jan. 9, 2013); *Frazier v. Redding Police Dep't,* No. CIV S-11-1351 GGH P, 2012 WL 5868573, at *9 (E.D. Cal. Nov. 19, 2012).

The documents and video footage Plaintiff seeks appear to be relevant to this action; therefore, the court will grant Plaintiff's motion for the issuance of subpoenas to: (1) Elko Police Department (body camera footage for Officers Jason Checkett, Bridget Gilboy, Matt Wilson, Kellum, and the camera posted in the backseat of Ortiz's and Pepper's patrol car); (2) Northeastern Nevada Regional Hospital (relevant medical records); (3) Elko County Jail (body camera footage from Deputies Hatch, Sr. and Gonzalez, and inmate and "G.T." requests); (4) High Desert Imaging (medical/imaging records); (5) Humboldt General Hospital Orthopedic Clinic (medical records); (6) Full Range Physical Therapy Center (medical records). Plaintiff shall provide specific information and dates for the documents/information he is requesting.

In addition, Plaintiff is entitled to rely on the U.S. Marshal for service of the subpoenas; however, Plaintiff is responsible for tendering any payment required for the subpoenas.

**B. Second Motion for Subpoena (ECF No. 62)**

In the second motion, Plaintiff seeks the issuance of a subpoena for his medical and psychological records in control of the NDOC. However, NDOC Administrative Regulation (AR) 639 does not allow an inmate's health records to be released directly to the inmate, and inmates are prohibiting from possessing any portion of their medical file on their person, in their cell or on the yard.  Inmates may request to review their medical records. Therefore, the motion is denied insofar as the court will not issue a subpoena. However, Plaintiff may send a kite to the warden's office of the institution in which he is housed at NDOC and may provide the warden with a copy of this order that Plaintiff is to be provided with a reasonable opportunity to review and take notes of his medical and psychological records insofar as they may be relevant to his claims and damages being asserted in this action. Plaintiff is not entitled to possess those records, but he may take notes regarding the records and may have copies made in the future if pertinent records need to be attached to filings in this case.

### III. CONCLUSION

Plaintiff's first motion for issuance of a subpoena (ECF No. 58) is **GRANTED** insofar as the Clerk shall **ISSUE** subpoenas for the following: (1) Elko Police Department (body camera footage for Officers Jason Checkett, Bridget Gilboy, Matt Wilson, Kellum, and the camera posted in the backseat of Ortiz's and Pepper's patrol car); (2) Northeastern Nevada Regional Hospital (relevant medical records); (3) Elko County Jail (body camera footage from Deputies Hatch, Sr. and Gonzalez, and inmate and "G.T." requests); (4) High Desert Imaging (medical/imaging records); (5) Humboldt General Hospital Orthopedic Clinic (medical records); (6) Full Range Physical Therapy Center (medical records). Plaintiff shall provide specific information and dates for the documents/information he is requesting.

Plaintiff is entitled to rely on the U.S. Marshal for service of the subpoenas. However, Plaintiff is responsible for tendering any payment required for the subpoenas.

Plaintiff's second motion for issuance of a subpoena to NDOC for his medical/psychological records (ECF No. 62) is **DENIED**. However, Plaintiff may send a kite to the warden who should provide Plaintiff with a reasonable opportunity to review his medical/psychological records insofar as they are relevant to his claims and damages in this action.

**IT IS SO ORDERED**.

Dated: September 28, 2022

_____
Craig S. Denney
United States Magistrate Judge