UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEREMY R. POWELL,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>CITY OF ELKO, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-CV-00418-ART-CSD<br><br>ORDER REGARDING REPORT AND RECOMMENDATION (ECF NO. 68) AND ORDER (ECF NO. 71) |

**I. SUMMARY**

*Pro se* Plaintiff Jeremy Powell ("Powell"), an inmate in the custody of the Lovelock Correctional Center, brings this action under 42 U.S.C. § 1983 against Defendants Bartolo Ortiz, Brenton Pepper, John Adkins, Sergeant Hood, Rosina Garcia, Joanna Contreras, and the City and County of Elko. (ECF No. 69). Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, (ECF No. 68), recommending the Court allow Powell's claims against defendants other than the City and County of Elko to proceed, while dismissing Powell's municipal liability claims against the City and County of Elko with prejudice. Powell had until October 11, 2022 to file an objection. To date, no objection to this R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss Powell's municipal liability claims while allowing his claims against individual defendants to proceed.

Also before the Court is Magistrate Judge Denney's Order, (ECF No. 71), denying Powell's Motion for Appointment of Counsel, (ECF No. 59), and Powell's Objection to this Order (ECF No. 76). While the Court is concerned about Powell's alleged issues accessing important evidence in his case, it agrees with Judge

Denney's analysis in ECF No. 71 and does not believe appointment of counsel is appropriate at this time.

## II. LEGAL STANDARD

Here, Powell did not object to Magistrate Judge Denney's Report and Recommendation. (ECF No. 68). Therefore, the standard for reviewing Magistrate Judge Denney's R&R is clear error. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Powell did, however, object to Magistrate Judge Denney's Order denying Powell's Motion for Appointment of Counsel. (ECF No. 71). As a motion for appointment of counsel does not appear in the enumerated list of dispositive motions in 28 U.S.C. § 636(b)(1)(A) it is non-dispositive. *See also* LR IB 1-4. "When a magistrate judge rules on a non-dispositive matter, a district judge may 'reconsider' that ruling only if it is 'clearly erroneous or contrary to law.' 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a)." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022).

This Court therefore applies the "clearly erroneous" standard to both the Report and Recommendation and Order at issue here.

### III. DISCUSSION

**A. Report and Recommendation (ECF No. 68)**

Because there is no objection, the Court need not conduct de novo review, and is satisfied Magistrate Judge Denney did not clearly err. Here, Magistrate Judge Denney recommends granting Powell's Motion for Leave to Amend as to the individual defendants, but denying it as to the municipal defendants. (ECF No. 68 at 4). Regarding Powell's claims against the municipal defendants, Magistrate Judge Denney reasoned that Powell did not allege facts that the acting Defendants had actual authority to set city or county policy as a matter of state law. (*Id.* at 5:13-16).

Powell argues he should be able to hold Elko liable under the third prong of *Monell* where the individual "'who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (quoting *Clouthier v. Cnty. of Conta Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)). Here, those individuals are Sergeant Bobby Adkins, the acting shift commander at the jail on the night Powell was injured, and Rosina Garcia, the head nurse on the night in question.

"[W]hether an official had final policymaking authority is a question of state law." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Discretion is not enough, the official "must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Id.* at 482-83. Nevada state law provides that "[t]he sheriff is the custodian of the jail in his or her county, and of the prisoners therein, and shall keep the jail personally, or by his or her deputy, or by a jailer or jailers appointed by the sheriff for that purpose, for whose acts the sheriff is responsible." NRS 211.030.1. Pursuant to Nevada law, therefore, the sheriff—not Sergeant Adkins or Defendant Garcia—is

3

the final policymaker for purposes of *Monell* liability under the facts at issue in this case. The Court therefore agrees with Magistrate Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

**B. Order (ECF No. 71)**

Next, the Court turns to Powell's Objection, (ECF No. 76), to Magistrate Judge Denney's Order Denying Powell's Motion for Appointment of Counsel. (ECF No. 71). As with Judge Denney's Report and Recommendation, here the Court is satisfied that he did not clearly err. As Judge Denney noted, appointment of counsel in a civil case is allowed in "exceptional cases." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations omitted). When determining if exceptional circumstances exist, a court considers both the likelihood of success on the merits and the ability of the *pro se* litigant to articulate their claims "in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Powell attributes the complexity of his case to alleged restrictions placed on his ability to access discovery in his case. (ECF No. 76 at 4). Powell claims he was forced to mail out of the prison the thumb drive containing the evidence he needed to view, was directed from his caseworker to the warden and back again seeking approval to view the footage, and told he needed approval from Nevada's Attorney General to review the footage even though NDOC is not a party to this action. (*Id.* at 5-6).

The legal complexities of this case are similar to most 42 U.S.C. § 1983 actions before this Court, although the discovery issues Powell reports are more unusual. In response to similar discovery-related allegations raised in Powell's Fourth Motion for Appointment of Counsel, (ECF No. 59), Magistrate Judge Denney ordered the warden to "assure that Plaintiff is given a reasonable opportunity to review the relevant footage and take notes, although he may not possess the video

4

1  footage in his cell." (ECF No. 71). The Court agrees with Magistrate Judge Denney
2  that the difficulties Powell alleges in accessing pertinent evidence in his case may
3  be remedied by court order. At this time, these discovery-related difficulties do
4  not raise the complexity of this case sufficiently to warrant appointment of
5  counsel. With that said, if these difficulties are not resolved promptly, the Court
6  will look favorably on future motions for appointment of counsel.

7  For the aforementioned reasons, this Court agrees with Magistrate Judge
8  Denney, and overrules Powell's Objection, (ECF No. 76), to Judge Denney's Order
9  (ECF No. 71).

### C. Powell's Allegations Regarding Access to Discovery

While the Court is satisfied that Magistrate Judge Denney did not clearly err, it writes separately to comment on Powell's allegations regarding access to discovery. Powell describes a Kafkaesque series of events that has allegedly deprived him of his right to review pertinent discovery in his case. It is not clear if NDOC, a non-party, has complied with Judge Denney's order in ECF No. 71.

To reiterate, therefore, defense counsel shall ensure that the relevant video evidence is sent to the warden of the facility where Powell is incarcerated in a format that complies with the relevant polices and procedures of NDOC. Powell may present a copy of this Order to the warden, who must assure that Powell is given reasonable opportunities to review all available discovery in this case—including medical records—and take notes, although Powell may not possess the discovery materials in his cell. Powell must be afforded reasonable opportunities to review discovery no later than February 28, 2023.

Defense counsel must file a sworn affidavit from someone with personal knowledge of the opportunities Powell has been afforded to review discovery that includes the dates, times, and durations of the opportunities provided, along with the items of discovery available for Powell to review no later than February 28, 2023.

**IV. CONCLUSION**

It is therefore ordered that Magistrate Judge Denney's Report and Recommendation, (ECF No. 68), is accepted and adopted in full.

It is further ordered that Powell's motion for leave to amend, (ECF No. 47), is **GRANTED-IN-PART AND DENIED-IN-PART** as follows: Plaintiff should be allowed to **PROCEED** with Claims 1-10 in the FAC against defendants Ortiz, Pepper, Hood, Rosina Garcia, Bobby Adkins, and Joanna Contreras; however, Claims 11-15 for municipal liability against the City and County of Elko should be **DISMISSED**, and because Plaintiff has already had an opportunity to correct these deficiencies, the dismissal should be with prejudice.

It is further ordered that Powell's Objection, (ECF No. 76), to Magistrate Judge Denney's Order, (ECF No. 71), is **OVERRULED** and, as such, Powell's Motion for Appointment of Counsel (ECF No. 59) remains **DENIED.**

It is further ordered that defense counsel shall ensure that the relevant video evidence is sent to the warden of the facility where Powell is incarcerated in a format that complies with the relevant polices and procedures of NDOC. Powell may present a copy of this Order to the warden, who must assure that Powell is given reasonable opportunities to review all available discovery in this case—including medical records—and take notes, although Powell may not possess the discovery materials in his cell. Powell must be afforded reasonable opportunities to review discovery no later than February 28, 2023.

//
//
//
//
//
//
//

6

It is further ordered that defense counsel must file a sworn affidavit from someone with knowledge of the opportunities Powell has been afforded to review discovery that includes the dates, times, and durations of the opportunities provided, along with the items of discovery available for Powell to review no later than February 28, 2023.

DATED THIS 10th day of January 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE