UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY R. POWELL,<br><br>  Plaintiff<br><br>v.<br><br>CITY OF ELKO, et al.,<br><br>  Defendants | Case No.: 3:21-cv-00418-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 80, 103, 104 |

Before the court is a motion for reconsideration filed by defendant Ortiz. (ECF No. 104.) Ortiz seeks reconsideration of the court's order granting Plaintiff's motion to modify the number of requests for production of documents (RFPs) he can propound. (Order at ECF No. 103.)

Plaintiff filed a motion representing that he sent his first set of RFPs to Ortiz with seven RFPs, and Ortiz responded with objections on the basis that the requests were vague and overly broad. Plaintiff then sent another set of 7 RFPs in an attempt to cure the perceived deficiencies. Ortiz again objected that the requests were vague and overbroad. Finally, Plaintiff served an additional 18 RFPs. In response, Ortiz's counsel sent a letter that Plaintiff had exceeded the 25 RFP limit, and Ortiz would only respond to 11 of the requests.

The court granted Plaintiff's motion pursuant to Local Rule 7-2(d), which allows the court to grant a motion when a party fails to file a response. (ECF No. 103.) The court overlooked Ortiz's response to the motion. (ECF No. 85.) Therefore, Ortiz's motion is granted insofar as the court will vacate its prior order, and issues the instant order, which takes into account Ortiz's response to Plaintiff's motion.

In his response, Ortiz asserts that the majority of Plaintiff's requests are objectionable, and Ortiz has the right to preserve his objections to the requests, and the 25-request limit should apply regardless. (ECF No. 85.)

On July 10, 2022, Plaintiff served a set of seven RFPs on Ortiz. (ECF No. 85-1 at 2-7.) On August 2, 2022, Ortiz served responses objecting to RFPs 1 thru 6 on the basis that they are vague and overbroad, but without waiving those objections identified responsive documents Ortiz/Pepper 44-172. With respect to RFP 7, Ortiz asserted additional objections, but without waiving those objects identified responsive documents Ortiz/Pepper 173-283. (ECF No. 85-1 at 9-12.)

On September 8, 2022, Plaintiff served another seven RFPs on Ortiz. These were essentially simplified versions of the first seven RFPs. (ECF No. 85-1 at 14-17.) On October 3, 2022, Ortiz served his responses to these seven requests, again objecting on the bases that the requests were vague and overbroad, but without waiving those objections, he pointed to the documents previously identified. (ECF No. 85-1 at 19-21.)

On October 12, 2022, Plaintiff served an additional 18 RFPs on Ortiz. (ECF No. 85-1 at 24-34.) Ortiz objected to RFPs 1, 6, and 11 on the bases that the request was vague, overly broad and seek information neither relevant nor proportional to the needs of the case. With respect to RFPs 2 thru 5 and 7 thru 10, he asserted that all responsive documents to those requests have already been produced or that he does not have documents responsive to those requests. Ortiz objected to requests 12-18 on the basis that those requests exceed the number of requests allowed by the discovery plan and scheduling order, and that they are vague and overly broad. (ECF No. 85-1 at 36-42.) Ortiz's counsel also sent a letter, asserting that Plaintiff had exceeded the 25-RFP

limit, and Ortiz would respond to the first 11 requests in this set, but was not required to respond to the remaining requests and would object to those requests. (ECF Nos. 85-1 at 44-45.)

In Ortiz's response to Plaintiff's motion, he asserts that Plaintiff's requests amount to a fishing expedition, and Ortiz goes on to assert how requests 12-18 are objectionable, and, in the case of some of the requests, responsive documents have already been provided (information which was not provided in Ortiz's responses).

This argument goes to whether Plaintiff's requests are proper, which is appropriately asserted in response to a motion to compel or in a motion for protective order. The issue the court is presented with, however, is whether to allow Plaintiff to exceed the 25-RFP limit because, technically, he has served 32 RFPs on Ortiz. Seven of those 32 RFPs are essentially duplicative of the first seven RFPs Plaintiff served. It is clear to the court that this is due to Plaintiff's status as a pro se litigant and his lack of understanding of the discovery process, including the assertion of objections. It appears that Plaintiff's intent in serving the second set of seven RFPs was to clarify and simplify what he was seeking in the first set after he received the objections that the requests were vague and ambiguous. Under these circumstances, the court finds it is appropriate to allow Plaintiff to exceed the 25-RFP limit as to Ortiz. That being said, Plaintiff has now reached the 25-request limit imposed by the court. He may not serve any additional RFPs on Ortiz.

Ortiz will have 14 days to provide supplemental responses to RFPs 12-18. The supplemental responses should not include the objection that Plaintiff has exceeded the 25-RFP limit, but may assert other applicable objections and should, of course, advise Plaintiff whether documents responsive to the requests have already been produced, or whether there are no documents responsive to the requests.

The court reminds Plaintiff that if he finds the responses to the RFPs are inadequate, he must engage in a good faith effort to meet and confer to try to informally resolve the dispute pursuant to Local Rules IA 1-3(f) and 26-6(c).

## CONCLUSION

Ortiz's motion for reconsideration (ECF No. 104) is **GRANTED**.

The court's order at ECF No. 103 is **VACATED**.

Plaintiff's motion at ECF No. 80 is **GRANTED** and Plaintiff may exceed the 25-RFP limit as to Ortiz. Plaintiff has now reached the 25-RFP limit, and he may not serve any additional RFPs on Ortiz.

Within **14 days** of the date of this Order, Ortiz shall provide supplemental responses to RFPs 12-18, omitting the objection that the requests exceed the 25-RFP limit, but including any other applicable objections.

**IT IS SO ORDERED**.

Dated: January 17, 2023

_____
Craig S. Denney
United States Magistrate Judge