UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEREMY POWELL,<br><br>                  Plaintiff,<br>v.<br>CITY OF ELKO, *et al.*,<br><br>                  Defendants. | Case No. 3:21-cv-00418-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Jeremy Powell brings this action under 42 U.S.C. § 1983 against Defendants Bartolo Ortiz, Brenton Pepper, Sgt. Hood, Rosina Garcia, Joanna Contreras, and John Adkins (collectively, "Defendants"), alleging that various Defendants used excessive force in arresting him and failed to provide necessary medical care, resulting in permanent disfigurement of his thumb. (ECF No. 6 at 7, 13, 17-23.)

Before the Court is an Objection (ECF No. 114) by Plaintiff, to an Order (ECF No. 108) by Magistrate Judge Craig S. Denney, denying Plaintiff's Fifth Motion for Appointment of Counsel (ECF No. 87).

**I.    LEGAL STANDARD**

Under LR IB 3–1, 28 U.S.C. § 636(b) and Rule 72, the Court may reconsider a magistrate judge's pre-trial order where the order is timely objected to and clearly erroneous or contrary to law. The Court often reviews objections to magistrate judges' orders *de novo.* S*ee United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings

and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). But "[w]hen a magistrate judge rules on a non-dispositive matter, a district judge may 'reconsider' that ruling only if it is 'clearly erroneous or contrary to law.'" CPC Pat. Techs. Pty Ltd. v. Apple, Inc., 34 F.4th 801, 804 (9th Cir. 2022) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). As a motion for appointment of counsel does not appear in the enumerated list of dispositive motions in 28 U.S.C. § 636(b)(1)(A), it is non-dispositive. *See also* LR IB 1-4. Thus, we review Judge Denney's Report and Recommendation under a "clear error" standard.

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981)). The Court may only appoint counsel for a party proceeding *in forma pauperis* in exceptional circumstances. 28 U.S.C. § 1915(e)(1). *Tilei v. California Department of Corrections and Rehabilitation,* 644 Fed.Appx. 758, 759 (9th Cir. 2016) (citing *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991)). In order to determine whether exceptional circumstances exist, the Court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his arguments *pro se* in light of the complexity of the legal issues involved." *Palmer,* 560 F.3d at 970 (citation omitted). Neither of these considerations is dispositive and the Court must examine them together. *Id.* (citing *Wilborn v. Escalderon,* 789 F .2d 1328, 1331 (9th Cir. 1986)).

II.   **ANALYSIS**

Mr. Powell objected (ECF No. 114) to an order denying his fifth motion for the appointment of counsel (ECF Nos. 108, 87). In his order, Judge Denney found

2

that Mr. Powell's claims were not sufficiently complex to warrant the appointment of counsel, and Mr. Powell was sufficiently able to articulate his claims but had not shown a likelihood of success on the merits. In his objection, Mr. Powell argued that exceptional circumstances exist based on the alleged attempts by prison officials to manipulate and destroy evidence, the difficulties of litigating with an injured hand, and his inability understand what must be pled to show a likelihood of success on the merits. (ECF No. 114 at 3-5.)

The Court finds that Judge Denney's denial of Mr. Powell's fifth Motion for Appointment of Counsel was not clearly erroneous or contrary to law. Judge Denney applied the correct legal standard for appointing of counsel and, in light of the discretionary nature of that decision, did not clearly err in concluding that there are no exceptional circumstances warranting the appointment of counsel at the time of his decision. Mr. Powell has shown that he is able to articulate his claims and present legal arguments, despite the hardships of being detained and having an injured dominant hand. Though the Court takes no view on Mr. Powell's likelihood of success on the merits, it finds that Judge Denney did not clearly err in denying Mr. Powell's fifth request for appointment of counsel.

This order is without prejudice. After filing his objection, Mr. Powell was transferred to a prison in Utah with extremely limited access to legal materials and resources, including postage. (ECF No. 137 at 2-5.) More recently, Mr. Powell was paroled to a community correction center. (ECF No. 163.) It is unclear from the record whether Mr. Powell now has access to legal resources and portions of his file and discovery that he needs to litigate this case.

### III. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Objection (ECF No. 114) to Magistrate Judge Deney's Order denying the appointment of counsel to Plaintiff (ECF No. 108) is **OVERRULED**.

DATED THIS 28th Day of September, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4